1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7    JOLENA GRACE CASTILLEJA,

8                          Plaintiff,           NO:  2:14-CV-3105-RMP

          v.                                    ORDER ADOPTING IN PART AND
9                                               REJECTING IN PART REPORT AND
     CAROLYN W. COLVIN, Acting                  RECOMMENDATION
10   Commissioner of Social Security,

11                        Defendant.

12

13      **BEFORE THE COURT** is Magistrate Judge Victor E. Bianchini's

14   November 27, 2015, Report and Recommendation, **ECF No. 23**, to grant

15   Plaintiff's Motion for Summary Judgment, **ECF No. 12**, to deny the

16   Commissioner's Motion for Summary Judgment, **ECF No. 20,** and to remand the

17   case to the Commissioner for the immediate award of benefits. On December 11,

18   2015, the Commissioner filed objections to the Report and Recommendation. ECF

19   No. 24. Plaintiff filed a reply on December 18, 2015. ECF No. 25.

20   //

ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND
RECOMMENDATION ~ 1

**BACKGROUND**

The Commissioner raises four objections to the Report and Recommendation: that the Magistrate Judge (1) improperly reversed the Administrative Law Judge's ("ALJ") credibility determination; (2) improperly reversed the ALJ's rejection of medical opinion; (3) incorrectly found that the vocational expert's testimony had no evidentiary value at step five of the sequential process; and (4) misapplied the "credit-as-true" rule to improperly remand for the immediate award of benefits. ECF No. 24.

**DISCUSSION**

**I.    Legal Standard**

Under Federal Rule of Civil Procedure 72, the Court must reconsider *de novo* any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3).

**II.    Credibility Determination**

The Commissioner argues that the ALJ provided legally adequate reasons for discounting Ms. Castilleja's credibility concerning the severity of limitations caused by psychological impairments. Specifically, the Commissioner alleges that the ALJ properly found that Ms. Castilleja lacked credibility due to (1) the lack of corroboration with medical evidence; (2) non-compliance with treatment

1   recommendations; (3) activities of daily living; and (4) symptom improvement

2   with treatment. ECF No. 24 at 4.

3          However, the ALJ only explicitly noted that Ms. Castilleja's allegations lack

4   credibility due to inconsistency with reported activities of daily living. ECF No. 9-

5   2 at 38, Tr. 37. While the ALJ discussed inconsistency with objective medical

6   evidence, the ALJ noted this factor when finding that a third party function report

7   completed by Ms. Castilleja's husband did not accurately report Ms. Castilleja's

8   limitations. *See id.* As the Court is "constrained to review the reasons the ALJ

9   asserts," *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003), the Court finds

10  that the ALJ did not conclude that Ms. Castilleja lacked credibility due to any

11  inconsistency with objective findings. Further, although the Commissioner notes

12  that "[t]he ALJ rationally concluded such examination findings did not support

13  allegations of disabling limitations," ECF No. 24 at 5, none of the medical

14  evidence discussed by the ALJ concerns Ms. Castilleja's alleged psychological

15  symptoms. *See* ECF No. 9-2 at 39, Tr. 38 (discussing physical back pain and

16  neurological examinations). As such, it is highly questionable whether the ALJ's

17  discussion has any relevance concerning Ms. Castilleja's alleged psychological

18  limitations.

19         Similarly, the ALJ did not explicitly find that Ms. Castilleja lacked

20  credibility due to non-compliance with treatment recommendations or symptom

ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION ~ 3

improvement with treatment. Although the ALJ noted that Ms. Castilleja did not comply with prescribed medications, the ALJ did not base the credibility finding on that notation. *See* ECF No. 9-2 at 33, Tr. 32. It is also questionable whether Ms. Castilleja's improvement of heart palpitations with treatment has any relevance to Ms. Castilleja's alleged limitations concerning psychological symptoms. *See* ECF No. 9-2 at 40, Tr. 39. As the Court is "constrained to review the reasons the ALJ asserts," *Connett*, 340 F.3d at 874, the Court finds that the ALJ did not find that Ms. Castilleja lacked credibility as to her alleged psychological limitations based on these factors.

## A. Ms. Castilleja's Testimony

As recounted by the Magistrate Judge, Ms. Castilleja testified that:

She lives with her husband and four children. (T at 57). She provides child care when her husband is working. (T at 58). She can cook meals using a cookbook. (T at 59). Her husband does the family shopping. (T at 60). She can walk about a mile, with pain. (T at 60, 67). Sitting is difficult due to pressure in her back and numbness in her legs. (T at 61). She can lift, at most, two gallons of milk. (T at 63). She was hospitalized in January of 2012 for blackouts related to a pacemaker problem. (T at 63). Her back pain and heart problems are the most significant impediments to work. (T at 66). Bending and stooping are difficult. (T at 67). New people and stress cause panic attacks. (T at 67). She avoids family functions because of her panic attacks. (T at 67). She can follow instructions if she writes them down. (T at 67). She does not have problems getting along with supervisors or those in authority. (T at 68).

She has had two back surgeries, including the installation of a metal plate and two screws. (T at 69). She usually needs to lay down during the day for about two hours. (T at 70). She suffers from significant

1   depression and periodic panic attacks. (T at 71). Emotional difficulties
2   would make it hard for her to hold down full-time employment. (T at
    71). Plaintiff believes the stress of regular work activity would cause
3   her to "panic," "shut down," and "get confused because [she] can't
    focus and … get[s] frustrated." (T at 71-72). Blackout episodes related
4   to her heart condition occur once or twice a week. (T at 74). Her
    medications affect her energy and concentration. (T at 75). Her heart
5   rate is not under control. (T at 77).

ECF No. 23 at 19–20.

## B. Standard for Making Credibility Determination

The Commissioner's credibility determination must be supported by findings sufficiently specific to permit the reviewing court to conclude the ALJ did not arbitrarily discredit a claimant's testimony. *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991). If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony regarding the severity of symptoms.[1] *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

---

[1] The Commissioner argues that the proper standard of review of an ALJ's credibility determination is "substantial evidence." ECF No. 24 at 3. However, as the Ninth Circuit is clear that the "clear and convincing reasons" standard governs, this Court is required to apply binding precedent. *See Garrison v. Colvin*, 759 F.3d 995, 1015 n.18 (9th Cir. 2014).

ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION ~ 5

1    If the ALJ finds that a claimant's statements are not credible, she need not

2    reject the entirety of a claimant's symptom testimony. *See Robbins v. Social Sec.*

3    *Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). The ALJ may find the claimant's

4    statements about pain to be credible to a certain degree, but discount statements

5    based on her interpretation of evidence in the record as a whole. *See id.* If the

6    credibility findings are supported by substantial evidence in the record, the

7    reviewing court may not second-guess the ALJ's determination. *See Rollins v.*

8    *Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). However, an ALJ's failure to

9    articulate specifically "clear and convincing" reasons for rejecting a claimant's

10    subjective complaints is reversible error. *Orn v. Astrue,* 495 F.3d 625, 635 (9th Cir.

11    2007).

12    In addition to ordinary techniques of credibility evaluation, the ALJ may

13    consider the following factors when weighing the claimant's credibility: the

14    claimant's reputation for truthfulness; inconsistencies either in allegations of

15    limitations or between statements and conduct; daily activities; work record; and

16    testimony from physicians and third parties concerning the nature, severity, and

17    effect of the claimant's alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d

18    789, 792 (9th Cir. 1997).

19    //

20    //

ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND
RECOMMENDATION ~ 6

1    **C. Activities of Daily Living**

2        The Commissioner argues that the Magistrate Judge impermissibly re-

3    evaluated the evidence concerning Ms. Castilleja's activities of daily living. ECF

4    No. 24 at 7. The ALJ found that Ms. Castilleja's "wide range of activities,"

5    including caring for four children, cooking, doing household chores, driving, and

6    washing the car, suggest "that her limitations are not as significant as alleged."

7    ECF No. 9-2 at 38, 40, Tr. 37, 39.

8        The Magistrate Judge found that "the Ninth Circuit 'has repeatedly asserted

9    that the mere fact that a plaintiff has carried on certain daily activities . . . does not

10   in any way detract from her credibility as to her overall disability.'" ECF No. 23 at

11   21 (quoting *Orn*, 495 F.3d at 639). Based on *Orn*, the Magistrate Judge held that

12   the ALJ erred in considering Ms. Castilleja's activities of daily living as part of the

13   credibility analysis. *Id.*

14       The Magistrate Judge's citations to *Orn* and *Fair v. Bowen*, 885 F.2d 597

15   (9th Cir. 1989), present an incomplete picture of the Ninth Circuit's approach to

16   the role of activities of daily living in an ALJ's credibility analysis. While it is

17   correct that the "Social Security Act does not require that claimants be utterly

18   incapacitated to be eligible for benefits . . . and many home activities are not easily

19   transferable to . . . the workplace," activities of daily living may be considered "if a

20   claimant is able to spend a substantial part of his day engaged in pursuits involving

ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND
RECOMMENDATION ~ 7

the performance of physical functions that *are* transferable to a work setting." *Fair*,
883 F.3d at 603 (emphasis in original). "Even where those activities suggest some
difficulty functioning, they may be grounds for discrediting the claimant's
testimony to the extent that they contradict claims of a totally debilitating
impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). For example,
the Ninth Circuit has found that "reading, watching television, and coloring in
coloring books are activities that are so underdemanding that they cannot be said to
bear a meaningful relationship to the activities of the workplace." *Orn*, 495 F.3d at
639.

Unlike in *Orn*, the Court finds that it was not unreasonable for the ALJ to
conclude that caring for four children, cooking, doing household chores such as
scrubbing a shower and washing the car, and driving are activities of daily living
that undermine Ms. Castilleja's claim that regular work activities would cause her
to "panic" and "shut down." *See* ECF No. 9-2 at 38, 73, Tr. 37, 72. These activities
are far more demanding than those at issue in *Orn*, and bear a reasonable
relationship to the stresses and responsibilities that Ms. Castilleja would be
expected to experience in the workplace. As such, the Court must defer to the
ALJ's finding, and cannot impermissibly re-evaluate the evidence to reach a
different conclusion. *See Rollins*, 261 F.3d at 857. The Court finds that the ALJ did

1  not commit reversible error when considering activities of daily living in the

2  credibility analysis.

3  **D. Consistency with Medical Evidence of Record**

4  As a separate basis for reversing the ALJ's credibility determination, the

5  Magistrate Judge concluded that Ms. Castilleja's testimony "was consistent with

6  the opinions of Dr. [Jesse] McClelland and Dr. [Thomas] Clifford." ECF No. 23 at

7  21. However, this statement is not entirely accurate. Ms. Castilleja testified that her

8  emotional difficulties would cause her to "panic," "shut down," or "get confused."

9  ECF No. 9-2 at 73, Tr. 72. Dr. McClelland noted that Ms. Castilleja "*may* struggle

10  to deal with the usual stress encountered in the workplace, as she . . . is not able to

11  adequately deal with her current levels of stress." ECF No. 9-10 at 68, Tr. 584

12  (emphasis added).

13  Dr. McClelland, however, concluded that Ms. Castilleja's psychological

14  limitations would not preclude her from "perform[ing] work activities on a

15  consistent basis." *Id.* Dr. Clifford found Ms. Castilleja only partially credible as

16  "statements of disability are not fully supported by [medical evidence of record],

17  thus it appears that [claimant] may be exaggerating some [symptoms]." ECF

18  No. 9-3 at 10, Tr. 96. Although Dr. Clifford noted that Ms. Castilleja had a

19  "diminished tolerance for stress," Dr. Clifford found that any psychological

20  limitations would not preclude Ms. Castilleja from sustaining employment. *See*

ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION ~ 9

ECF No. 9-3 at 13–14, Tr. 99–100. Due to the *lack* of consistency, the Court finds that the ALJ did not err in failing to consider consistency between Ms. Castilleja's subjective complaints and the medical opinions of Drs. McClelland and Clifford.

**E. Conclusion**

The Court finds that the ALJ did not commit reversible error when considering inconsistencies between the severity of psychological limitations as alleged by Ms. Castilleja and her reported activities of daily living when conducting the credibility determination. The ALJ's finding was sufficiently "clear and convincing" to withstand review. *See Reddick*, 157 F.3d at 722. As such, the Court **DECLINES TO ADOPT** the Report and Recommendation's conclusion that the ALJ's credibility determination should not be sustained.

**III.    Rejection of Medical Opinion Evidence**

**A. Legal Standard for Rejecting Medical Opinion**

"[T]he Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If controverted, "the opinion of an examining doctor . . . can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830–31. The same analysis applies to the medical opinions of treating physicians. *Id.* at 830. "[I]t is incumbent

on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

Concerning medical opinion evidence, "[t]he ALJ is responsible for resolving conflicts in medical testimony, and resolving ambiguity. Determining whether inconsistencies are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount the opinions . . . falls within this responsibility." *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999).

**B. Dr. Abner Preacher**

Neither party has objected to the Magistrate Judge's conclusion that the ALJ's finding concerning Dr. Abner Preacher was supported by substantial evidence. *See* ECF No. 23 at 11. As such, the Court **ADOPTS** the Report and Recommendation as it pertains to Dr. Preacher.

**C. Dr. Jesse McClelland**

The Commissioner argues that the ALJ permissibly gave "little weight" to Dr. Jesse McClelland's medical opinion. ECF No. 24 at 10.

Dr. McClelland opined that Ms. Castilleja "should be able to perform simple and repetitive tasks [but] may struggle with detailed and complex tasks," may "have difficulty accepting instructions from supervisors," would have significant limitations concerning "her ability to work with coworkers and the public," "would

1  struggle to maintain regular attendance," and "may struggle to deal with the usual

2  stress encountered in the workplace." ECF No. 9-10 at 67–68, Tr. 583–84. The

3  ALJ gave "little weight" to Dr. McClelland's opinion as it (1) appeared to heavily

4  rely upon the claimant's subjective report of her symptoms; (2) was not consistent

5  with Dr. McClelland's objective findings; (3) was not consistent with the third

6  party function report completed by Ms. Castilleja's husband; and (4) was not

7  consistent with Ms. Castilleja's activities of daily life. ECF No. 9-2 at 34–35,

8  Tr. 33–34. The Magistrate Judge rejected the ALJ's proffered rationales for giving

9  "little weight" to Dr. McClelland's opinion on the basis that the findings were not

10  supported by substantial evidence. ECF No. 23 at 14–16.

11  **1.  Reliance on Self-Report**

12  The Magistrate Judge found that, as Dr. McClelland undertook a detailed

13  examination, the ALJ's finding that Dr. McClelland heavily relied upon

14  Ms. Castilleja's subjective complaints was not supported by substantial evidence.

15  ECF No. 23 at 14. When reviewing the mental status examination, the only

16  abnormal notations made by Dr. McClelland were that Ms. Castilleja was "in

17  obvious pain and had to stand throughout the interview," had an affect that was

18  "depressed and anxious," and could only recall 1/3 objects after a five minute

19  interval. ECF No. 9-10 at 65–66, Tr. 581–82. Based on both this examination and

20  his discussion with Ms. Castilleja, Dr. McClelland concluded that Ms. Castilleja

ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND
RECOMMENDATION ~ 12

1    was limited in her ability to perform complex tasks, interact appropriately with

2    supervisors, coworkers, and the public, maintain attendance, and handle work-

3    related stress. ECF No. 9-10 at 67–68, Tr. 583–84.

4        Ms. Castilleja relies on *Ghanim v. Colvin*, 763 F.3d 1154 (9th Cir. 2014), for

5    the proposition that "the ALJ must explain how she reached" the conclusion that a

6    physician's opinion was largely based on self-reports. ECF No. 12 at 14. In

7    *Ghanim*, "the ALJ offered no basis for his conclusion that these opinions were

8    based more heavily on Ghanim's self-reports, and substantial evidence does not

9    support such a conclusion." *Id.* at 1262. "[W]hen an opinion is not more heavily

10   based on a patient's self-reports than on clinical observations, there is no

11   evidentiary basis for rejecting the opinion." *Id.*; *see also Ryan v. Comm'r of Social

12   Sec.*, 528 F.3d 1194, 1200 (9th Cir. 2008) (finding that substantial evidence did not

13   support the ALJ's conclusion that the medical expert relied on self-reports more

14   heavily than on his own clinical observations). Similar to *Ghanim* and *Ryan*, there

15   is no indication in the record that Dr. McClelland relied on Ms. Castilleja's

16   description of her symptoms more heavily than his own clinical observations. The

17   ALJ merely notes that Dr. McClelland's findings "appear[] to be heavily rely upon

18   the claimant's subjective report of her symptoms." Tr. 33. Without a more

19   thorough explanation, the ALJ's finding cannot be sustained as it is not supported

20   by substantial evidence in the record.

ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND
RECOMMENDATION ~ 13

### 2.  Inconsistency with Objective Findings

The Court finds that the ALJ did not unreasonably conclude that Dr. McClelland's opinion was "not consistent with the objective findings of the evaluation." ECF No. 9-2 at 34, Tr. 33. Although Ms. Castilleja argues that Dr. McClelland's examination did show abnormal findings, ECF No. 25 at 2, the Court cannot substitute its own opinion for the ALJ's otherwise reasonable interpretation of the evidence. *See Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995). As noted by the ALJ, the mental status examination was conducted with generally normal results. ECF No. 9-2 at 34, Tr. 33. Therefore, the Court must defer to the ALJ's conclusion that Dr. McClelland's opined limitations were inconsistent with his evaluation.

### 3.  Inconsistency with Third Party Function Report

Similarly, the Court finds that the ALJ did not unreasonably interpret the third party function report completed by Ms. Castilleja's husband. The ALJ found that the third party function report "did not mention a mental impairment or cite a mental impairment as the reason for the claimant's alleged limitations." *Id.* As correctly noted by the Magistrate Judge, Ms. Castilleja's husband, while not referencing a particular mental impairment, did report that Ms. Castilleja needed reminders to take her medication, had difficulty keeping track of monthly bills, had trouble handling stress, experienced difficulty handling changes in routine, and had

ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION ~ 14

problems completing tasks, concentrating, and with memory. ECF No. 23 at 15
(citing ECF No. 9-6 at 47–52, Tr. 297–302). The Magistrate Judge concluded that
"[c]ontrary to the ALJ's conclusion, this report is largely consistent with
Dr. McClelland's conclusion." *Id.*

Where the ALJ had reached a reasonable interpretation of the evidence, it is
not the role of the reviewing Court to substitute its own judgment for that of the
ALJ. *See Andrews*, 53 F.3d at 1039–40. The ALJ did not extrapolate from the third
party function report that Ms. Castilleja's husband believed no psychological
limitations existed; the ALJ merely noted that the lack of a specificity regarding
alleged psychological limitations did not support Dr. McClelland's opinion
concerning the severity of Ms. Castilleja's psychological limitations. *See* ECF
No. 9-2 at 34, Tr. 33; *see also* ECF No. 9-10 at 67, Tr. 583 (Dr. McClellan
concluded that Ms. Castilleja's GAF score was a 29, indicating moderate to severe
impairment in several areas of functioning). As a reviewing court may not second-
guess an ALJ's reasonable interpretation of the evidence, *see Andrews*, 53 F.3d at
1039–40, the Court must defer to the ALJ's conclusion that the third party function
report is inconsistent with Dr. McClelland's medical opinion.

### 4. Inconsistency with Activities of Daily Living

As discussed above, the Court has found that the ALJ reasonably considered
Ms. Castilleja's activities of daily living as part of the credibility analysis.

ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND
RECOMMENDATION ~ 15

1    Similarly, the ALJ's conclusion that Ms. Castilleja's "wide range of activities

2    suggests that her limitations are not as significant as alleged," ECF No. 9-2 at 35,

3    Tr. 34, was not an unreasonable ground upon which to discredit Dr. McClelland's

4    medical opinion.

5        **5.  Consistency with Medical Evidence of Record**

6        Finally, the Magistrate Judge found that the ALJ should have considered the

7    consistency between Drs. McClelland's and Clifford's medical opinions. ECF

8    No. 23 at 16. However, Dr. Clifford reviewed Dr. McClelland's opinion and gave

9    it only "partial weight" as it was "not fully supported by EOR, or findings on

10   exam." ECF No. 9-3 at 10, Tr. 96. Specifically, Dr. Clifford found that

11   Dr. McClelland's opinion "relied heavily on the subjective report of symptoms and

12   limitations provided by the individual, and the totality of the evidence does not

13   support the opinion" as well as that the "opinion is an overestimate of the severity

14   of the individual's restrictions/limitations and based only on a snapshot of the

15   individual's functioning." ECF No. 9-3 at 14, Tr. 100. Further, although the ALJ

16   found that "[n]o treating or examining provider concluded that Plaintiff was

17   capable of performing the mental demands of competitive, remunerative work,"

18   ECF No. 23 at 16, Dr. Clifford ultimately concluded that Ms. Castilleja was "[n]ot

19   [d]isabled," ECF No. 9-3 at 16, Tr. 102, and even Dr. McClelland opined that

20   "[t]he claimant should be able to perform work activities on a consistent basis

ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND
RECOMMENDATION ~ 16

1  without special or additional instruction." ECF No. 9-10 at 68, Tr. 584. Overall, the

2  Court does not find the Magistrate Judge's argument concerning consistency

3  between Drs. McClelland and Clifford persuasive.

4       Contrary to the Magistrate Judge's finding, Dr. McClelland's medical

5  opinion was contradicted by Dr. Clifford. *See* ECF No. 9-3 at 10, Tr. 96.

6  Therefore, the Court must defer to the ALJ's conclusion if the ALJ provided

7  "specific and legitimate reasons that are supported by substantial evidence in the

8  record," *see Lester*, 81 F.3d at 830–31, for giving Dr. McClelland's medical

9  opinion "little weight." The Court finds that the reasons put forth by the ALJ, as

10  discussed above, are sufficiently "specific and legitimate" and "supported by

11  substantial evidence in the record." As a reviewing court, it is this Court's

12  obligation to defer to reasonable conclusions and interpretations of the record

13  reached by the ALJ, *see Andrews* 53 F.3d at 1039–40, and not to substitute the

14  Court's own judgment, even where the Court disagrees with the ALJ's conclusion.

15       **6. Harmless Error**

16       As discussed above, the ALJ erred in finding that Dr. McClelland heavily

17  relied upon Ms. Castilleja's self-report of her symptoms. "A decision of the ALJ

18  will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676,

19  679 (9th Cir. 2005). An error is harmless when it is "inconsequential to the

20  ultimate nondisability determination." *Stout v. Comm'r, Social Sec. Admin.*, 454

ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND
RECOMMENDATION ~ 17

F.3d 1050, 1055 (9th Cir. 2006). Without considering the ALJ's erroneous finding, the ALJ nonetheless gave Dr. McClelland's opinion "little weight" as it was inconsistent with the objective findings of the evaluation, inconsistent with the third party function report, and inconsistent with Ms. Castilleja's activities of daily life. As such, the ALJ's ultimate credibility finding remains supported by sufficiently "specific and legitimate" reasons, and the ALJ's erroneous finding was merely harmless error.

The Court **DECLINES TO ADOPT** the Report and Recommendation's finding that the ALJ's assessment of Dr. McClelland was not supported by substantial evidence in the record.

**D. Dr. Thomas Clifford**

The Commissioner argues that the ALJ permissibly gave "little weight" to Dr. Thomas Clifford's medical opinion. ECF No. 24 at 16.

Dr. Clifford opined that Ms. Castilleja had difficulties with concentration, persistence, and pace that would vary episodically, was capable of carrying out basic, familiar detailed tasks at a steady moderate pace, and should not work closely with the general public. ECF No. 9-3 at 13, Tr. 99. Dr. Clifford concluded that Ms. Castilleja was "capable of interacting with others in the pursuit of common interests," "able to adapt to simple variations in routine," and, ultimately, was "[n]ot [d]isabled." ECF No. 9-3 at 13–16, Tr. 99–102. The ALJ gave "little

weight" to Dr. Clifford's findings as the ALJ did "not find that the objective

medical evidence and the claimant's wide range of activities supports any

significant vocational limitations, as a result of the claimant's mental limitations."

ECF No. 9-2 at 35, Tr. 34. The Magistrate Judge found that the ALJ's conclusion

was not supported by substantial evidence. ECF No. 23 at 18.

As the ALJ gave similar reasons for attributing "little weight" to the medical

opinions of both Drs. McClelland and Clifford, the Court need not repeat the

analysis conducted above. Similar to Dr. McClelland, the Court finds that the ALJ

gave sufficiently "specific and legitimate" reasons supported by "substantial

evidence in the record" for giving "little weight" to Dr. Clifford's opinion. *See*

*Lester*, 81 F.3d at 830–31. The Court rejects the Magistrate Judge's conclusion that

Drs. McClelland's and Clifford's opinion are consistent with each other, as the

opinions are facially inconsistent due to Dr. Clifford's express rejection of

Dr. McClelland's conclusions. The Court **DECLINES TO ADOPT** the Report

and Recommendation's finding that the ALJ's assessment of Dr. Clifford was not

supported by substantial evidence in the record.

## IV.    Step Five Hypothetical

In step five of the sequential process, an ALJ may pose hypothetical

questions to a vocational expert in order to determine whether employment

opportunities exist in significant numbers in the national economy, given the

1   claimant's residual functional capacity, age, education, and work experience. ECF

2   No. 9-2 at 42, Tr. 41. "[A] hypothetical question should 'set out all of the

3   claimant's impairments.'" *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984)

4   (internal citation omitted). "Unless the record indicates that the ALJ had specific

5   and legitimate reasons for disbelieving a claimant's testimony as to subjective

6   limitations such as pain, those limitations must be included in the hypothetical in

7   order for the vocational expert's testimony to have any evidentiary value." *Embrey*,

8   849 F.2d at 423. "If the assumptions in the hypothetical are not supported by the

9   record, the opinion of the vocational expert that claimant has residual working

10  capacity has no evidentiary value." *Gallant*, 753 F.2d at 1456. Hypotheticals posed

11  to a vocational expert "must be upheld as long as they are supported by substantial

12  evidence." *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1986).

13      The Magistrate Judge found that, as the ALJ had incorrectly disregarded

14  Drs. McClelland's and Clifford's opinions as well as Ms. Castilleja's testimony,

15  the "vocational expert's opinion has no evidentiary value and cannot be relied

16  upon to sustain the ALJ's decision." ECF No. 23 at 23. As the Court has declined

17  to adopt the Magistrate Judge's findings regarding the ALJ's credibility

18  determination and rejection of medical opinion evidence, the Court has no basis to

19  conclude that the ALJ's hypothetical was not based on assumptions as to

20  Ms. Castilleja's limitations supported by the record. Therefore, the Court

**DECLINES TO ADOPT** the Report and Recommendation's finding that the vocational expert's opinion had no evidentiary value.

### V.    Remand

The Magistrate Judge, applying the "credit-as-true" rule, found that "remand for calculation of benefits is the appropriate remedy." ECF No. 23 at 24. As discussed above, the Court disagrees with the Magistrate Judge that the ALJ committed any reversible error. Therefore, the Court **DECLINES TO ADOPT** the Report and Recommendation's recommended disposition that the application of the "credit-as-true" rule is the appropriate remedy.

### CONCLUSION

The Court has reviewed and considered the Report and Recommendation, the Commissioner's objections, and Plaintiff's reply. Having reviewed the November 27, 2015, Report and Recommendation *de novo*, the Report and Recommendation, **ECF No. 23**, is **ADOPTED in part and REJECTED in part** as discussed above.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

2.  Defendant's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED**.

1    3.  The District Court Clerk is directed to enter Judgment dismissing the

2        Complaint and the claims therein with prejudice.

3        The District Court Clerk is directed to file this Order, enter Judgment as

4    directed above, provide a copy to counsel, and **close this case**.

5        **DATED** this 27th day of January, 2016.

6

7                              _____*s/ Rosanna Malouf Peterson*_____
                                    ROSANNA MALOUF PETERSON
8                                   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND
RECOMMENDATION ~ 22